## Ernest Dixon v. The State.

### No. 2972.    Decided March 9, 1904.

**1.—Jury and Jury Law—Misconduct—Burglary.**

Where appellant's defense was that he casually went into the room alleged to have been burglarized, to await the arrival of the train, the tracks of which passed within thirty feet thereof, and the jury without evidence before them controverted appellant's testimony by a statement of some of their number in their retirement, the verdict of conviction should be set aside.

**2.—Same—Jurors' Testimony of Misconduct.**

The mere fact that the court would discipline the jury for misconduct, does not authorize the court to exclude their testimony going to show such misconduct.

Appeal from the Criminal District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

No statement necessary.

*E. T. Branch.* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of three years; hence this appeal.

The only question we deem necessary to pass upon is the misconduct of the jury, as disclosed by bill of exceptions number 3, which shows substantially as follows: "That the last ground of the motion for new trial states: 'Because the jury received other evidence against defendant of a material character, after said jury had retired to consider of their verdict, and in the absence of defendant, in this, that said jury discussed the location of said railroad track, and the distance the same was from the house defendant entered, and the room he was in; and it was stated in the said jury room that the train did not stop at the said mill, and that the track was quite a distance and over a block of 250 feet, or thereabouts, from said room, and that defendant could not have been waiting for the train in said room, and that he did not go into said room for the reason as stated by him; that is, to wait for said train—all of which defendant is informed and believes, and so alleges the fact to be; and is ready to verify same. * * *' There being no testimony upon the trial as to where the railroad track was located, and none to show whether the train stopped or not at the mill; and defendant's defense was that he was waiting in the alleged burglarized room, waiting for a train to come. Defendant will show upon another trial that said train does slow up to a standstill or practically so at said point, and that the track was about twenty or twenty-five feet from the room defendant was in. Immediately after reading the motion containing the above clause, defendant's counsel told the court he desired to place the foreman of the jury that convicted defendant, and also W. H. Stowers upon the stand. And after they were duly sworn and placed upon the stand in behalf of defendant on said motion, and before defendant's counsel could ask either of said witnesses a question, and while said foreman Ed H. Harrell was on the stand, the court told defendant's counsel and said juror that the court would not require said witnesses to answer any questions about what happened in the jury room, and that if anything was shown, showing any misconduct of said jury that he would certainly discipline the jury; and defendant's counsel then stated to the court what he expected to prove by said Harrell, and asked the court if he

meant to say that he would impose a fine upon a member of the jury who did not introduce the evidence complained of, and the court remarked, 'that remains to be seen;' whereupon each of said witnesses refused to give any testimony whatever. By the witness Harrell defendant would have shown that immediately after the retirement of the jury to their room, and in the absence of defendant, one of the jury remarked, 'The dam nigger is lying about being in that room waiting for a train, because I lived out that way, and the train does not stop at said mill,' and that his remark was made before any decision was reached by said jury. And defendant would have shown the same facts by the juror Stowers." Thereupon counsel for defendant, and another attorney, were placed upon the stand, and they swore that said Stowers would testify to said facts. Appellant's counsel further stated to the court, before offering any of said testimony, that he preferred this mode of showing what happened in the jury room; that he preferred to be fair with the court and said jury; and therefore did not attach any affidavits to said motion, but offered the witnesses before the court.

This bill is approved by the court with the following qualification: "When the defendant's counsel proposed to offer members of the jury to impeach their verdict, the court stated to counsel that the jurors would not be forced to testify because if the evidnce should develop a proper cause, the court would feel called upon to discipline such members of the jury offending, and said such would be done in a proper case. The court did not regard the evidence as shown by the bill sufficient to disturb the finding of the jury, even if true."

The mere fact that the court would discipline the jury for misconduct does not authorize the court to exclude their testimony going to show such misconduct. If this be the rule, then the grossest misconduct of the jury could never be considered at all, since we have repeatedly held that where the jury flagrantly violates their oaths and the rules, they should be fined for so doing. Certainly this fact should not preclude an investigation into any alleged misconduct. We do not agree with the court that if the misconduct be true it is not sufficient to authorize a reversal. It was the defense of appellant that he casually went into the room to wait the arrival of the train, the tracks of which passed within thirty feet of said mill, as disclosed by this bill. Now, for the jury to controvert this, when there was no evidence thereon, was certainly prejudicial to the rights of the defendant. The statute inhibits the receiving of evidence by the jury other than that adduced according to the rules of law; and wherever this evidence is of a character to injuriously affect the rights of the defendant we will not hesitate to reverse the case. In our opinion the extraneous facts here introduced before the consideration of the jury were of that character.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*